People v Burris (2024 NY Slip Op 05226)

People v Burris

2024 NY Slip Op 05226

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-10140
2022-10141

[*1]The People of the State of New York, respondent,
v
Taalib Webb Burris, appellant. (Matter No. 1)
The People, etc., respondent,
v Taalib Webb, appellant. (Matter No. 2) (Ind. Nos. 1267/21, 70854/22)

Patricia Pazner, New York, NY (Anna Jouravleva of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Christopher J. Blira-Koessler of counsel; Anmari Guerrero on the memorandum), for respondent.

DECISION & ORDER
Appeals by the defendant, as limited by his motion, from two sentences of the Supreme Court, Queens County (Toni M. Cimino, J.), both imposed October 18, 2022, upon his pleas of guilty, on the ground that the sentences were excessive.
ORDERED that the sentences are affirmed.
The defendant's purported waivers of his right to appeal were invalid because the Supreme Court's oral colloquy mischaracterized the appellate rights waived as encompassing the loss of attendant rights to counsel and poor person relief by telling the defendant, "you're giving up your right to have an attorney assigned to represent you on appeal if you cannot afford one" (see People v Matthew M., 224 AD3d 927, 929; People v Erdaide, 216 AD3d 1178). Moreover, the court did not discuss the appeal waivers with the defendant until after he had already admitted his guilt as part of the plea agreements (see People v Torres, 229 AD3d 469; People v Deas, 228 AD3d 954, 954-955; People v Reyes, 227 AD3d 830, 831). Under the circumstances of this case, the defendant's execution of written waivers of the right to appeal did not cure the deficient oral colloquy (see People v Lawrence, 227 AD3d 829; People v Erdaide, 216 AD3d 1178).
Nonetheless, the sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
BRATHWAITE NELSON, J.P., WOOTEN, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court